IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARKINZIE SOLOMON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-1716 |
| | ) | |
| v. | ) | Judge Fisher |
| | ) | Magistrate Judge Caiazza |
| WARDEN KRYSEVIG, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Arkinzie Solomon, a prisoner in state custody, be dismissed because it was filed beyond the applicable statute of limitations. A certificate of appealability should be denied.

### II. REPORT

**A. BACKGROUND**

The Petitioner, Arkinzie Solomon ("Solomon" or "the Petitioner") was found guilty by a jury of First Degree Murder and a related weapons charge on September 10, 1986, in the Court of Common Pleas of Allegheny County, Pennsylvania. He was sentenced to life imprisonment and a consecutive term of two and one-half to five years imprisonment on July 17, 1987.

The Petitioner filed a direct appeal, and the Superior Court of Pennsylvania affirmed the judgment of the trial court on September 6, 1988. Solomon's subsequent Petition for Allowance of

Appeal was denied by the Supreme Court of Pennsylvania on June 2, 1989 (Doc. 13, Ex. 18).

Solomon next filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA")[1] on February 20, 1996. This petition was denied on December 15, 1999. The Pennsylvania Superior Court affirmed the denial of PCRA relief on December 24, 2002 (Doc. 13, Ex. 32). Solomon did not seek allowance of appeal in the Supreme Court of Pennsylvania.

Solomon filed a second PCRA petition on September 23, 2004. Counsel was appointed, and filed a "no-merit" letter. The trial court dismissed the petition on April 22, 2005, and filed an opinion in which it held that the petition was not timely filed (Doc. 13, Ex. 36). The Petitioner appealed, and the Superior Court of Pennsylvania affirmed on May 15, 2006, finding that the petition was "patently untimely." (Doc. 13, Ex. 39). Solomon's subsequent Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on December 18, 2006 (Doc. 13, Ex. 42).

The instant petition was filed on December 17, 2007, and is dated December 6, 2007 (Doc. 1, p. 15).

## B. ANALYSIS

Habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations

---

[1] 42 Pa. Cons. Stat. § 9541, et seq.

set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, ("AEDPA"), codified at 28 U.S.C. §2244(d). To determine whether Solomon's petition was timely filed, the court must first determine the date direct review concluded and the judgment became "final". See 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Third, the court must determine whether another statutory exception or equitable tolling is applicable.

Solomon's conviction became final ninety days after the Supreme Court of Pennsylvania ruled on his Petition for Allowance of Appeal, thereby terminating his state court direct appeal. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the ninety day time limit for filing a writ of *certiorari* in the Supreme Court). Thus, Solomon's conviction became final on September 2, 1989. Because Solomon's conviction became final prior to the enactment of AEDPA, the limitations period commenced on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The instant petition was not filed until more than eleven years later - making it untimely.

Next, the court must determine whether Solomon is entitled to any available "tolling" provisions. See 28 U.S.C. § 2244(d)(2). Solomon's initial PCRA petition was pending from February, 20, 1996, before the statute began to run, until January 24, 2003, when his right to seek review of the Superior Court's order affirming the denial of PCRA relief expired. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought).

Therefore, the limitations period first began to run on January 25, 2003. Solomon took no further action until he filed his second PCRA petition on September 23, 2004, nearly twenty months later. None of this time may be excluded from the limitations period, and the one-year limitations period for filing a habeas corpus petition expired prior to the time that Solomon filed his second PCRA petition.

Further, Solomon's second PCRA proceeding was pending only until December 18, 2006, when the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. Giving the Petitioner the benefit of the mailbox rule and considering the date he signed the petition, the instant petition was not filed until December 6, 2007 -more than eleven months later. Thus, even if the second PCRA petition tolled the limitations period,

an additional eleven months of countable time expired prior to the filing of this habeas petition, making the total countable time to be at least thirty-one months.[2]

Further, nothing in the record indicates that Solomon is entitled to take advantage of any of the exceptions to the one year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(C-D). Finally, nothing in this record indicates that the doctrine of equitable tolling is applicable here.[3]

---

[2] In any event, the second PCRA petition did not toll the limitations period since it was not timely filed. See, Pace v. DiGuglielmo, 544 U.S. 408, 414 reh'g denied, 545 U.S. 1135 (2005).

[3] The one-year limitation period in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Solomon's control that account for his failure to have filed his habeas petition in a timely manner.

## C. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). Applying this standard here, the court concludes that jurists of reason would not find it debatable whether Solomon filed his habeas petition within the one year limitations period. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus filed by Arkinzie Solomon, should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 12, 2008.

s/ Francis X. Caiazza
Francis X. Caiazza

April 25, 2008

cc:
ARKINZIE SOLOMON
FD-3849
S.C.I. at Cresson
P.O. Box A
Cresson, PA 16699-0001